## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JOHN CARPENTER AND SYLVIA
CARPENTER; and NOEL REALTY, LLC,

    Plaintiffs,

v.

THE UNITED STATES,

    Defendant.

No. \_\_\_\_\_19-47 L_____

## COMPLAINT

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1494(a)(1) ("Tucker Act") because this action presents a claim against the United States which is founded upon money mandating provisions of the Constitution and Statutes of the United States.

### STATUTES AND CONSTITUIONAL PROVISONS

2. Plaintiffs' claims are based upon 1) The Fifth Amendment to the United States Constitution prohibiting the taking of private property for public use, without just compensation; 2) The National Trails System Act Amendments of 1983; 16 U.S.C. § 1247(d) ("Trails Act"); 3) The Tucker Act, 28 U.S.C. § 1491(a) ("Tucker Act"); and 4) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000).

### COUNT I
### (TAKINGS CLAIM)

3. Vermont Railway, Inc. formerly owned an easement for railroad purposes, between approximately Milepost 57.35 and Milepost 58.93, a distance of 1.57 miles in the Town of Bennington, Bennington County, Vermont (the "Railroad Line").

4. The easement lay across property owned by Plaintiffs.

5. Upon abandonment of the easement and/or authorization of use beyond the scope of the easement, Plaintiffs' property would have been unburdened by any easement.

6. Plaintiffs, John Carpenter and Sylvia Carpenter, owned land adjacent to the Railroad Line on the date of the taking, September 14, 2018. The property owned by John Carpenter and Sylvia Carpenter is located in Bennington County, Vermont, and includes parcel number 051-015-66938 and parcel number 051-015-66925, and includes but is not limited to the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

7. Plaintiff, Noel Realty, LLC, owned land adjacent to the Railroad Line on the date of the taking, September 14, 2018. The property owned by Noel Realty, LLC is located in Bennington County, Vermont, and includes parcel number 051-015-65649, and includes but is not limited to the feet title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

8. On September 14, 2018, the Surface Transportation Board ("STB") issued a Notice of Interim Trail use ("NITU") relating to the following segment of the Railroad Line: between approximately Milepost 57.35 and Milepost 58.93, a distance of 1.57 miles in the Town of Bennington, Bennington County, Vermont.

9. But for operation of the Trails Act, Plaintiffs would have the exclusive right to physical ownership, possession, and use of their property free of any easement for recreational trail use or future railroad use.

10. By operation of the Trails Act, the United States took the Plaintiffs' property which it is Constitutionally obligated to pay just compensation.

11. Plaintiffs owned the aforementioned property on the date of the taking, September 14, 2018, and are therefore proper claimants for compensation.

12. Plaintiffs' property includes but is not limited to the fee title to the property underlying the former railroad easement.

13. The United States' actions damaged Plaintiffs by taking a portion of Plaintiffs' property and by diminishing the value of the remaining property and by attenuating delay damages based upon the delayed payment of compensation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment on their behalf, against the Defendant, adjudging and decreeing that:

A. Defendant took Plaintiffs' property without just compensation in violation of the Fifth Amendment of the United States Constitution;

B. Judgment be entered against the Defendants and in favor of Plaintiffs for compensation for the property right taken from them, including severance damages, delay damages, and interest together with the costs of suit, including reasonable attorneys' fees;

C. Plaintiffs be awarded just compensation at full fair market value for their deprivation and losses;

D. Plaintiffs have such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

Dated:  <u>January 8, 2019</u>

                          Respectfully Submitted,

                          Adam M. Riley
                          Ethan A. Flint
                          Flint Law Firm, LLC
                          222 E. Park St., Suite 500
                          P.O. Box 189
                          Edwardsville, IL 62025
                          T: (618) 288-4777   F: (618) 288-2864
                          ariley@flintlaw.com
                          eflint@flintlaw.com